# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Yordani Corona Del Toro,<br><br>    Defendant | Case No.: 2:21-cr-00065-JAD-DJA<br><br>**Order Denying Motion to Reduce Sentence**<br><br>[ECF No. 39] |

Defendant Yordani Corona Del Toro is roughly 30 months into serving his 96-month sentence for conspiracy to distribute methamphetamine. He now moves for a sentence reduction based on recent changes to the sentencing guidelines known commonly as Amendment 821. His counsel at the Federal Public Defender's office, appointed under General Order 2023-9, filed a notice of non-eligibility. Because Corona Del Toro does not qualify for an adjustment to his criminal-history points or his offense level, I deny his motion.

## Discussion

A court may reduce a defendant's sentence if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them retroactively beginning in February 2024.[2] Under the newly amended § 4A1.1, a defendant with

---

[1] 18 U.S.C. § 3582(c)(2).

[2] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

seven or more criminal-history points may receive a one-point reduction in his status points, while a defendant with six or fewer criminal-history points may have his status points eliminated for committing his offenses while under a criminal-justice sentence.[3]  Under the newly amended § 4C1.1, a defendant with zero criminal-history points whose offense did not involve specific aggravating factors may receive a two-level decrease in his offense level.[4]  Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[5]

      ced Corona Del Toro asks this court to review his sentence for eligibility because he "believes that he is entitled to relief under Amendment 821," though he doesn't specify which provision he thinks should apply.[6]  His counsel filed a notice of non-eligibility suggesting that he does not so qualify.[7]  Corona Del Toro was sentenced with zero "status" criminal-history points, so it's impossible to reduce his status points any further under § 4A1.1.  He similarly does not qualify for an adjustment under § 4C1.1's zero-point offender amendment because he received 13 criminal-history points at sentencing.[8]  So I deny his motion.

---

[3] *Id*. at 60535.

[4] *Id*.

[5] *Id*. at 60535–36; *see also* U.S. Sent'g Comm'n, *Revisiting Status Points* (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

[6] ECF No. 39.

[7] ECF No. 42.

[8] Presentence Investigation Report at 19.

**Conclusion**

IT IS THEREFORE ORDERED that Yordani Corona Del Toro's motion for a sentence reduction under Amendment 821 **[ECF No. 39] is DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
December 10, 2025